UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 05-cr-00214-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.


7.  DANIEL OCAMPO ROJAS, a/k/a Marco Antonio Orasco-Zauceda,

      Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Defendant's Motion for Adjustment of Sentence [doc. #615, filed December 11, 2008]. In his Motion, Defendant seeks a reduction in his sentence not to exceed twelve (12) months because of post-sentence disparities that exist between a United States citizen and a non-U.S. citizen. The government filed a response on December 17, 2008 [doc. #618]. For the reasons stated below, the motion is denied.

I first note that the Defendant seeks a reduction in his sentence pursuant to U.S.S.G. § 5K2.0(a)(2)(B) and 18 U.S.C. § 3553(b)(1). However, citation to these statutes is improper because they apply only at the time of sentencing. *See United States v. Smartt*, 129 F. 3d 539, 542 (10th Cir. 1997) (holding that 18 U.S.C. § 3553(b) permits a district court to consider special factors at sentencing and cannot be utilized to modify a sentence after it becomes final). The matter currently before the Court relates

to a previously imposed sentence.

A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947-49 (10th Cir. 1996) (applying 18 U.S.C. 3582(c)). 18 U.S.C. § 3582(c) provides that a court may only modify a term of imprisonment once it has been imposed in three limited instances: (1) in certain circumstances "upon Motion of the Director of the Bureau of Prisons;" (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) in cases where the applicable sentencing range "has substantially been lowered by the Sentencing Commission." Avenues one and three are inapposite to the Defendant's motion. Additionally, Rule 35 allows a court to correct or reduce a Defendant's sentence in only two specific instances, both of which are irrelevant in the current matter. *See United States v. Green*, 405 F.3d 1180, 1185 (10th Cir. 2005) (holding that Rule 35(a) provides a district court with jurisdiction to correct sentencing errors for only seven days after the court first orally sentenced a defendant; or within one year to reflect a defendant's substantial post-sentencing assistance in prosecuting another person). Accordingly, the Court lacks jurisdiction to reduce or modify Defendant's sentence at this time.

In conclusion, it is hereby

ORDERED that Defendant's Motion for Adjustment of Sentence [doc. #615, filed December 11, 2008] is **DENIED**.

Dated:  February 25, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge